IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2016 APR -4  AM 9: 11

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br>Plaintiff,<br><br>-vs-<br><br>ACE AMERICAN INSURANCE COMPANY and HCA INC.,<br>Defendants. | CAUSE NO.:<br>A-13-CA-00555-SS |

### ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant HCA Inc.'s Motion to Reconsider Order on Summary Judgments [#62], Plaintiff Liberty Mutual Fire Insurance Company's Response [#66] thereto, and HCA's Reply [#67] in support. Having considered the documents, the case as a whole, and the governing law, the Court now enters the following opinion and order DENYING HCA's motion.

### Background

The stipulated facts and details of each party's position in the current lawsuit are set forth in greater detail in the Court's Order entered on December 8, 2015. Order of Dec. 8, 2015 [#61]. In that order, the Court granted in part Liberty's motion for summary judgment, concluding the ACE/HCA Policy provided primary coverage because HCA owned the shuttle bus at issue and the Underlying Defendants constitute omnibus insureds under the ACE/HCA Policy. HCA argued the $1 million deductible was actually a self-insured retention (SIR) and therefore could not constitute "other collectible insurance." HCA's Mot. Summ. J. [#39] at 3. The Court, however, disagreed. Even assuming the "deductible" was actually a SIR, the Court reasoned, the

SIR constituted "other collectible insurance" because HCA assumed the duties of a liability insurer by agreeing to pay all sums for the defense and indemnity that permissive users of the vehicle became legally obligated to pay.

HCA now asks this Court to reconsider its decision for three primary reasons: (1) HCA's large deductible is actually a self-insured retention (SIR) and therefore cannot qualify as "other collectible insurance"; (2) HCA never agreed to insure or indemnify the Underlying Defendants; and (3) even if HCA did agree to indemnify the Underlying Defendants, it did not agree to indemnify the Underlying Defendants for their own negligence. The Court turns to the substance of HCA's motion below.

## Analysis

Pursuant to Federal Rule of Civil Procedure 59(e),[1] HCA moves for reconsideration of the Court's order granting summary judgment in Liberty's favor. Federal Rule of Civil Procedure 59(e) gives a party twenty-eight days after entry of a judgment to file a motion asking the court to alter or amend that judgment. FED. R. CIV. P. 59(e). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," but instead is intended to allow a court to correct manifest errors of law or fact, to correct inadvertent clerical errors, or to present newly-discovered evidence. *Id.* Indeed, the "remedy is so extraordinary that the standard under Rule 59(e) 'favors denial of motions to alter

---

[1] The Court construes HCA's motion for reconsideration as a Rule 59(e) motion, because it was filed within twenty-eight days of the Court's Judgment. When a motion is filed within twenty-eight days of the judgment of which the party complains, the motion is treated as a Rule 59(e) motion. *See* FED. R. CIV. P. 59(e) (permitting a party to file a motion to alter or amend a judgment "no later than 28 days after the entry of judgment"); *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 327 n.1 (5th Cir. 2004) (stating this same rule but applying the ten-day period set forth in Rule 59(e) prior to its amendment in 2009).

or amend a judgment.'" *Sanders v. Bell Helicopter Textron, Inc.*, No. 4:04-cv-254-Y, 2005 WL 6090228, at *1 (N.D. Tex. Oct. 25, 2005). Although the decision to grant a motion to reconsider is within the discretion of the district court, the decision should be made in light of two "important judicial imperatives": (1) the need to bring litigation to an end, and (2) the need to render just decisions on the basis of all the facts. *Id.*

In its motion to reconsider, HCA merely reurges the same arguments it presented in its summary judgment briefing. There, HCA expressly argued (1) Liberty's "position fails because the ACE/HCA Policy's $1,000,000 'deductible' actually is a self-insured retention," HCA's Mot. Summ. J. [#39] at 3; and (2) HCA never agreed to insure the Underlying Defendants, Resp. [#45] at 3. Unfortunately for HCA, a Rule 59(e) motion is not the proper vehicle for relitigating "prior matters . . . that simply have been resolved to the movant's dissatisfaction."[1] *Sanders*, 2005 WL 6090228, at *1. Likewise, although HCA did not previously argue that the express negligence doctrine bars Liberty's recovery, its failure to offer this argument before entry of judgment does not now entitle HCA to an amendment of the Court's Order. *Id.* Having carefully reviewed the record in this case, the Court concludes there is no basis to amend its Order granting in part Liberty's motion for summary judgment.

## Conclusion

Accordingly,

IT IS ORDERED that HCA's Motion to Reconsider Order on Summary Judgments [#62] is DENIED.

---

[1] In its motion, HCA correctly notes that the language the Court cited in defining "insureds" under the ACE/HCA Policy originates from the ACE/ABM Policy, not the ACE/HCA Policy. Order of Dec. 8, 2015 [#61] at 10; Stipulated Facts [#38-7] C-1 (ACE/ABM Policy) at 15. This does not, however, constitute a manifest error of law or fact, because an identical definition appears in an endorsement to the ACE/HCA Policy. *Id.* [#38-6] Ex. B-5 (ACE/HCA Policy) at 24–25. Under that definition, the Underlying Defendants constitute omnibus insureds because, as HCA has stipulated, the Underlying Defendants were using HCA's owned vehicle with HCA's permission. *Id.* [#38] ¶ 7.

SIGNED this the 31st day of March 2016.

                                                                   _____
                                                                   SAM SPARKS
                                                                   UNITED STATES DISTRICT JUDGE