IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br>      Plaintiff,<br><br>-vs-<br><br>ACE AMERICAN INSURANCE COMPANY and HCA INC.,<br>      Defendants. | CAUSE NO.:<br>A-13-CA-00555-SS |

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Liberty Mutual Fire Insurance Company (Liberty)'s Motion for Attorneys' Fees [#69], Defendant Ace American Insurance Company (ACE)'s Response [#72] in opposition, Defendant HCA Inc. (HCA)'s Response [#73] in opposition, and Liberty's Reply [#75] in support. Having considered the documents, the file as a whole, and the governing law, the Court now enters the following opinion and orders.

### Background[1]

This declaratory judgment action involves an insurance coverage dispute arising out of a shuttle bus accident that occurred in a hospital parking lot. In bringing this lawsuit, Liberty sought a declaration that the ACE/HCA Policy provided primary coverage while the Liberty Policy provided excess coverage. In its December 8, 2015 Order, the Court agreed, concluding the ACE/HCA Policy was primary because HCA owned the shuttle bus at issue and the Underlying Defendants constituted omnibus insureds under the ACE/HCA Policy. Order of Dec.

---

[1] The stipulated facts and details of each party's position in the present lawsuit are set forth in greater detail in the Court's Order entered on December 8, 2015. Order of Dec. 8, 2015 [#61].

8, 2015 [#61] at 13. The Court granted summary judgment in Liberty's favor and ordered HCA to fund the settlement of the Underlying Suit and reimburse Liberty for the costs incurred in defending the Underlying Suit after June 12, 2012, the date of tender. *Id.* at 18.

Liberty subsequently filed a motion to recover its attorneys' fees in both the Underlying Suit and the present lawsuit. Mot. Att'y Fees [#69]. HCA and ACE responded. *See* HCA's Resp. [#73]; ACE's Resp. [#72]. The motion is ripe for decision.

## Analysis

**I.     Legal Standard**

"A fee award is governed by the same law that serves as the rule of decision for the substantive issues in the case." *Mathis v. Exxon Corp.*, 202 F.3d 448, 461 (5th Cir. 2002); *Kucel v. Heller*, 813 F.2d 67, 73 (5th Cir. 1987) ("[T]he award of attorney's fees in a diversity case depends on the law of the state whose rules govern the substantive claims."). Because this case is in federal court based on diversity jurisdiction, the Court is "*Erie* bound to apply Texas substantive law." *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 603 (5th Cir. 2000). Under Texas law, a party may recover attorneys' fees if permitted by statute or contract. *See Med. City Dall., Ltd. v. Carlisle Corps.*, 251 S.W.3d 55, 58 (Tex. 2008). Section 38.001(8) of the Texas Civil Practice and Remedies Code permits the recovery of reasonable attorneys' fees "if [a party's] claim is for: . . . an oral or written contract." In order to recover attorneys' fees under this section, the party seeking fees must (1) prevail on its breach of contract claim and (2) recover damages. *See Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997).

**II.    Application**

Liberty seeks to recover two categories of attorneys' fees and costs from HCA and ACE: (1) the defense costs in the Underlying Suit, and (2) Liberty's attorneys' fees in bringing this

declaratory action.[2] Neither defendant disputes the amount of attorneys' fees and costs requested. However, HCA argues Liberty is not entitled to attorneys' fees in the present suit, because Liberty did bring—let alone prevail on—a breach of contract claim. ACE, for its part, contends it is not jointly and severally liable for any attorneys' fees HCA owes.

### A. Attorneys' Fees in Underlying Suit

#### i. Right to Recover

Per the December 8, 2015 Order, Liberty is entitled to recover from HCA costs incurred in defending the Underlying Suit after June 12, 2012, the date Liberty tendered the defense to HCA. These costs include the attorneys' fees Liberty incurred in defending the Underlying Suit.

Liberty is not, however, entitled to recover any portion of these fees from ACE. According to Liberty, ACE is jointly and severally liable for the attorneys' fees incurred in the Underlying Suit because ACE supposedly entered into a "joint promise" with HCA to defend and indemnify within the $1 million deductible. *See* Mot. Att'y Fees [#69] at 4 (quoting *K-Bar Servs., Inc. v. English*, No. 03-05-00076-CV, 2006 WL 903735, at *3, *5 (Tex. App.—Austin Apr. 7, 2006, no pet.) for the proposition that "[j]oint and several liability arises in contract based up on the relationship between the parties and the existence of what amounts to joint promises"). However, this Court already concluded ACE had no duty to defend or indemnify until the $1 million deductible was exhausted, *see* Order of Dec. 8, 2015 [#61] at 10, and it is undisputed the settlement and costs of defending the Underlying Suit fell below the $1 million deductible. Because ACE did not promise the same performance to the Underlying Defendants as HCA

---

[2] Liberty specifically requested attorneys' fees for bringing "this suit for declaratory action and breach of contract." Mot. Att'y Fees [#69] at 2. Not only is this description incongruous with Liberty's prior description of this lawsuit, *see, e.g.*, Am. Compl. [#25] (seeking attorney's fees and costs incurred in "this declaratory and subrogation action"), but Liberty did not bring a claim for breach of contract.

3

did—that is, to provide defense and indemnity within the $1 million deductible—there is no "joint promise" on which to base joint and several liability.

### ii. Reasonableness of Fees

Liberty seeks to recover $41,772.54 in attorneys' fees and costs from HCA for defending the Underlying Suit. Texas courts employ the "lodestar" method, or "the product of reasonable hours times a reasonable rate," to determine reasonable attorneys' fee. *See, e.g., Toshiba Mach. Co., Am. v. SPM Flow Control, Inc.*, 180 S.W.3d 761, 782 (Tex. App.—Fort Worth 2005, no pet.) (quoting *City of Burlington v. Dague*, 505 U.S. 557, 559 (1992)).

To support its claim for $41,772.54 in attorneys' fees and costs, Liberty relies on the affidavit of Mark Strandmo, the attorney who represented the Underlying Defendants in the Underlying Suit. Mot. Att'y Fees [#69-1] (Strandmo Decl.). Strandmo testified from June 12, 2012 until the Underlying Suit was settled on September 18, 2014, his law firm billed $13,300.50 in attorneys' fees and $28,472.04 in expenses related to defending the Underlying Suit. Documentary evidence reveals these expenses consisted primarily of fees for medical, economic, and vocational rehabilitation experts. *Id.* [#69-2] (Timesheets and Invoices) at 24–29. Liberty, having retained Strandmo to defend the Underlying Suit, paid his law firm's fees and expenses.

Strandmo further testified the rates per hour were as follows: $150 per hour for Strandmo and managing partner John Guerra ($135 per hour until July 1, 2012), $135 per hour for senior associate Russel Lorfing, and $75 per hour for paralegal Sonio Sotelo ($60 per hour until July 1, 2012). Strandmo Decl. ¶ 4. In defending this suit, Strandmo billed approximately 65 hours, Guerra billed .7 hours, Lorfing billed 2.6 hours, and Sotelo billed approximately 40 hours. *See* Timesheets and Invoices at 1–23. This amounts to $41,772.54 in attorneys' fees. The

uncontroverted testimony is that the hours expended and the rates claims are reasonable. *See* Mot. Att'y Fees [#69] at 2 (noting HCA does not dispute "the hours expended and rate claimed are reasonable"). Having reviewed the documentary evidence supporting Liberty's claim to the attorneys' fees and costs incurred in defending the Underlying Suit, the Court reduces the requested amount by $15, because the timesheets reveal Guerra worked .7 hours on this matter and billed $105 in fees, not $120 as Strandmo testified. The Court finds the adjusted amount of $41,757.54 is reasonable.

Liberty is also entitled to prejudgment and postjudgment interest on this amount. *See Alma Invs., Inc. v. Bahia Mar Co-Owners Ass'n, Inc.*, No. 13-14-004280CV, 2016 WL 3365812, at *8 (Tex. App.—Corpus Christi June 16, 2016, no pet.) (permitting recovery of prejudgment interest on attorneys' fees that were paid prior to the entry of judgment); *Nova Cas. Co. v. Turner Const. Co.*, 335 S.W.3d 698, 706 (Tex. App.—Houston 2011, no pet.) (holding the trial court did not abuse its discretion in awarding prejudgment interest on attorney's fees paid prior to the entry of judgment). In light of Liberty's failure to specify the basis for its calculation of prejudgment interest, the Court grants Liberty ten (10) days from the date of entry of this Order to file supplemental briefing regarding the amount of prejudgment interest owed.

**B.     Attorneys' Fees in Present Suit**

Liberty is not entitled to recover attorneys' fees in the present suit from either HCA or ACE. Liberty brought this declaratory action pursuant to the federal Declaratory Judgment Act, which does not permit recovery of attorneys' fees. *Mercantile Nat'l Bank v. Bradford Trust Co.*, 850 F.2d 215, 218 (5th Cir. 1988) (noting 28 U.S.C. § 2202 of the federal Declaratory Judgment Act "does not itself provide statutory authority to award attorney's fees that would not otherwise be available under state law in a diversity action"). A party may, however, "recover fees in a

federal declaratory judgment action where 'controlling substantive law' permits such recover."[3] *Self-Ins. Inst. of Am., Inc. v. Korioth*, 53 F.3d 694, 697 (5th Cir. 1995) (quoting *Mercantile*, 850 F.2d at 216).

As noted above, Texas law permits a plaintiff to recover attorneys' fees if the plaintiff prevailed on a breach of contract claim and recovered damages. *See Solis*, 951 S.W.2d at 390. Here, however, Liberty did not assert—much less prevail on—a breach of contract claim. In bringing this lawsuit, Liberty sought a declaration that the ACE/HCA Policy was primary over Liberty's and both ACE and HCA had a duty to defend the Underlying Suit. Although the Court awarded Liberty this requested declaratory relief, Liberty cannot recover attorneys' fees under Section 38.001 for a breach of contract claim it failed to assert. *See, e.g., Kona Tech. Corp.*, 225 F.3d at 600–01 (concluding the plaintiff was not entitled to attorneys' fees under Section 38.001, because the plaintiff's award of declaratory relief was not based on a finding of breach of contract); *Integon Nat'l INS. Co. v. Rizo*, No. 3:14-CV-1641-G-BK, 2016 WL 3647796 (N.D. Tex. March 22, 2016) (denying the defendants attorneys' fees under Section 38.001 in a declaratory judgment action where "the substantive law involves a breach of contract," because the defendants "did not [explicitly] plead a breach of contract claim against either [the plaintiff or cross-claimant] and, thus, are not prevailing parties under [Section 38.001(8)]"). Accordingly, Liberty's motion to recover its attorneys' fees in bringing the present action against both HCA and ACE is DENIED.

## Conclusion

Accordingly,

---

[3] Liberty may not rely on the Texas Declaratory Judgment Act to recover attorneys' fees, because it is neither substantive nor controlling. *See Korioth*, 53 F.3d at 697; *Tex. Utica Lloyds of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998) ("[A] party may not rely on the Texas [Declaratory Judgment Act] to authorize attorney's fees in a diversity case because the statute is not substantive law.").

IT IS ORDERED that Plaintiff Liberty Mutual Fire Insurance Company's Motion for Attorneys' Fees [#69] is GRANTED IN PART and DENIED IN PART as described in this opinion; and

IT IS FINALLY ORDERED that Plaintiff Liberty Mutual Fire Insurance Company shall have TEN (10) DAYS from the date of entry of this Order to file supplemental briefing regarding the amount of prejudgment interest owed.

SIGNED this the 4th day of August 2016.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE